(Form to be used by federal prisoners filing a civil action under 28 U.S.C. § 1331, civil action under 28 U.S.C. § 1346, or a Bivens action)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Corieal Larome Holmes,          )
                                )
            Plaintiff,          )    Civil Action No. 9:23-cv-03251-DCC-MHC
                                )
                                )
                                )
                                )
                                )    Complaint 28 U.S.C. § 2671
     vs.                        )    28 U.S.C. §§ 1346 & 2675 et seq.
United States of America,       )    Federal Tort Claim Act ("FTCA")
                                )    Seeking Monetary Damages in
            Defendant.          )    Excess of $250,000.00
                                )
                                )    S.C. Code Ann. § 15-32-220 et seq.
                                )
                                )    18 U.S.C. § 4042(a)(2)
                                )

(Enter above the full name of each defendant in this action. Do not use "et al.")

I.    PREVIOUS LAWSUITS:    Dismissed Without Prejudice ("DWP")

   A.    Have you begun other lawsuits in state or federal court dealing with the same facts
         involved in this action or otherwise relating to your imprisonment? ☒Yes ☐No

   B.    If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is
         more than one lawsuit, describe the additional lawsuits on another piece of paper the
         same size as this one, and give the same information about the additional case of
         cases.)

         1.    Approximate date of filing lawsuit: 03/17/2022-DWP

         2.    Parties to previous lawsuit:

               Plaintiff(s) _Corieal Larome Holmes_

               Defendant(s) _FNU Borck, Registered Nurse_

         3.    Court: (If federal, name the district; if state, name the county.)
               _United States District Court, District of South Carolina_

         4.    Docket Number: _9:22-cv-00595-DCC-MHC_

         5.    Name of Judge to whom case was assigned: _DCC-MHC_

1

6. Disposition: (Was the case dismissed? appealed? still pending?)

Dismissed without prejudice for failure to exhaust administrative remedies. ECF No. 33, Case No.9:22-cv-00595-DCC-MHC. Filed motion for leave to amended in January, 2023 ECF No. 37, which the Court construed as Motion for Reconsideration.

7. Approximate date of disposition: 11-01-2022 & 06-07-2023

II. PLACE OF PRESENT CONFINEMENT: FCI Williamsburg, P.O. Box 340, Salters, South Carolina, 29590

A. Did you present the facts relating to your present complaint in the internal prison grievance procedure? ☐Yes ☒No

1. If your answer to "A" above is "Yes," what was the result? N/A

2. If your answer to "A" above is "No," explain.
Filed a Standard Form 95, under the Federal Tort Claim Act ("FTCA") which was overlooked by the court.

B. Did you present your claim to the Federal Bureau of Prisons or other federal agency for administrative action? ☒Yes ☐No

1. If your answer is "yes," state the date such claim was submitted and what action, if any, has been taken.

Claim was submitted on April of 2021, where the Agency denied the FTCA claims on September 8, 2021, and filed his complaint within the six (6) month limitation period.
    This FTCA was included in the original complaint filed February 25, 2022. ECF No. 1; Case No. 9:22cv595

2. If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning your claim. Hereto attached as Exhibit-A. TRT-SER-2021-03978

C. Are you suing for a work-related injury? ☐Yes ☒No

If your answer is "Yes," state the nature of your duties you were performing when the injury occurred. N/A

_____

_____

_____

_____

III. PARTIES TO THIS SUIT:

A. Name and address of each plaintiff (please include prison number):

Corieal Larome Holmes # 33799-058

FCI Williamsburg

P.O. Box 340

Salters, South Carolina  29590

B. Full name of each defendant, his or her official position, his or her place of employment, and his or her full mailing address.

Defendant # 1: Served on A.U.S.A. in Columbia, South Carolina.

United States of America  (Sole Defendant)

Central Office is Located in Washington, DC 20530

Defendant # 2:

_____

_____

Defendant # 3:

_____

_____

Defendant # 4:

_____

_____

3

## IV.  STATEMENT OF CLAIM.

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra pages the same size as this page if necessary.)

1.    This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346, 2671, et seq.; South Carolina Ann. § 15-32-220(E); and 18 U.S.C. § 4042(a)(2).

2.    Plaintiff, Coriéal Larome Holmes, is an individual that resides in the custody of the Bureau of Prisons ("BOP"), currently housed at the Federal Correctional Institution ("FCI" or "WIL"), located 8301 U.S. Highway 521, Salters, South Carolina 29590.

3.    Plaintiff has exhausted his Administrative Remedies by way of the Federal Tort Claim Act ("FTCA"), Sandard Form 95, listed under BOP records, under FTCA Claim Number: TRT-SER-2021-03978. Attached under Exhibit-A.

4.    Defendant, the United States of America, resides in Washington, D.C., but the tort actions of one of its employees occurred at FCI Williamsburg, located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

5.    Plaintiff is an inmate that suffers from several maladies, but the Bad Heart is the contral complaint, which requires effective daily medication to function with a little normalcy.

6.    On April 19, 2019, Plaintiff arrived at FCI Williamsburg, located at 8301 U.S. Highway 521, Salters, South Carolina 29590. Upon arrival, plaintiff received a Health evaluation from one of the United States employees.

7.    During the Health care evaluation, plaintiff and defendant discussed a myriad of health care issues, specifically discussing the stent valves that are in his arteries and the particular type of medication that is used daily, that prevents the artery stent from clogging, which if clogged, will hender the tubular vessel from carrying blood to or from the heart. ("Effient")

4

IV. STATEMENT OF CLAIM (continued)

8.    After the initial health care evaluation, plaintiff did not receive the medication needed to prevent the stent in his arteries from clogging. Plaintiff continued to complain until the day the stent got clogged, which caused a severe heart attack on May 5th, 2019. On May 5th, 2019, Plaintiff was rushed to an outside hospital for emergency surgery, which could have been prevented had the Defendant provided Plaintiff with the needed medication prior to May 5th, 2019.

9.    The Health care professionals at the McCloud Medical Center did an evasive emergency surgery to balloon plaintiffs' stent open, thereby saving his life.

### Claim One/Gross or Wanton Negligence

10.    Plaintiff incorporates by reference 1-9 and attached exhibits to this complaint.

11.    Defendant displayed gross or wanton negligence when they ignored the significant risk of harm, where they possessed the medical records that revealed a number of health issues that needed immediate attention.

12.    The Defendant knew, or should have known that the failure to provide him with such medication, and the continued delay would exacerbate the existing medical condition.

13.    Plaintiff contends that the continued delay in giving him his medication caused him to go into cardiac arrest, forcing him to have emergency surgery.

14.    Plaintiff contends that the defendants' actions are reprehensible, willful, malicious, and in blatant and intentional disregard for the right owed to him regarding his serious medical needs.

### Claim Two/Breach of Duty Owed to Plaintiff

15.    Plaintiff incorporates by reference 1-14 and any attached exhibits to this complaint.

5

IV. STATEMENT OF CLAIM (continued)

16.    Plaintiff claims that he has been experiencing a great deal of mental anguish resulting in difficulty of sleeping, eating, and carrying out otherwise daily activities base on the disastrous event of having a massive heart attack, and emergency surgery.

17.    Plaintiff contends that he is experiencing mental anguish, mental distress, and he continues to be haunted by the near fatal death experience caused by the defendants breach of duty owed to him.

18.    Plaintiff has a duty of care owed to him by the defendant, and the defendant breached that duty of care by failing to provide him with the "Effient" which would have prevented the whole scenario of plaintiff going into cardiac arrest, forcing him into having emergency surgery.

V.    RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, Plaintiff request the following:

1.    A trial By Jury;

2.    Compensatory and/or Punitive Damages in Excess of Two Hundred and Fifty ($250,000.00) Dollars.

3.    Such Relief this Court deems appropriate.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_Corieal L. Holmes_

(Signature of plaintiff)

Signed this ___7-4-23___ day of ___July___ , 20_23_ .
             (date)                    (month)              (year)

Notably, when the initial Complaint was filed, the Court overlooked the fact that a Federal Tort Claim Act (Standard Form 95) had been filed prior to the complaint. Plaintiff included said filing ("FTCA") which complies with the administrative exhaustion requirements.

7