IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2023 NOV -2 AM 9:08

| | |
|---|---|
| Corieal Larome Holmes,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant. | ) Case No. 9:23-cv-03251-DCC-MHC<br>)<br>) Complaint Pursuant to 28 U.S.C.<br>) § 2671; 28 U.S.C. §§ 1346 & 2675<br>) et seq. Federal Tort Claim Act<br>) ("FTCA"); S.C. Code Ann. § 15-32-<br>) 220 et seq.; 18 U.S.C. § 4042(a)(2)<br>)<br>) Seeking Monetary Damages in<br>) Excess of $ 250,000.00 |

A M E N D E D     C O M P L A I N T

1.   This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346, 2671 et seq.,; S.C. Code Ann. § 15-32-220 et seq.; 18 U.S.C. § 4042(a)(2).

2.   Plaintiff, Corieal Larome Holmes, is an individual that resides in the custody of the Bureau of Prisons ("BOP"), currently at the Federal Correctional Institution ("FCI" or "WIL"), located 8301 U.S. Highway 521, Salters, South Carolina 29590.

3.   Plaintiff has exhausted his Administrative Remedies by way of the Federal Tort Claim Act ("FTCA"), Standard Form 95, which is listed under BOP records under FTCA Claim Number: TRT-SER-2021-03978. (September 8, 2021) See Attached Appendix-A, which illustrates that Plaintiff was afforded six (6) months to bring the suit in appropriate court.

4.   Defendant, the United States of America, resides in the Washington, D.C., but the Tort Action is being brought based on the negligent acts of one of its agencies, specifically the Health Care Department located at FCI Williamsburg, located at

-1-

8301 U.S. Highway 521, Salters, South Carolina, 29590.

5.   Plaintiff is an inmate that suffers from several maladies, but the Bad Heart Condition is the central complaint, which requires effective daily medications to function with a little normalcy.

6.   Plaintiff's complaint centers around the fact that the Defendant has breached its duty of care owed to the Plaintiff, and that breached of duty had a detrimental effect, causing him to be rushed to a medical center because he went into cardiac arrest.

7.   Plaintiff, prior to being rushed to the McCloud Medical Center in Florence, South Carolina, Plaintiff had made several complaints to the Health Service personel at the Williamsburg Correctional Institution about a specific medication that he had received in the past, that had prevented the stent valves in his arteries from clogging up. ("Effient")

8.   Upon arrival at FCI Williamsburg, Plaintiff received a Health Care evaluation from the Defendant. At that evaluation, plaintiff discussed a myriad of Health Care issues, specifically discussing the stent valves that were placed in his arteries, and the particular type of medication that is to be used daily, that would prevent the artery stent from becoming clogged. Which if clogged, will hender the tubular vessel from carrying blood to and from the Heart.

9.   After the initial evaluation, Plaintiff did not receive the medication needed to prevent the stent in his arteries from clogging. Plaintiff continued to make complaint until the day the

-2-

day the stent became clogged, which caused a severe heart attack on the day of May 5th, 2019.

10.   On May 5th, 2019, Plaintiff was rushed to an out-side hospital for emergency surgery as a result of Defendants' negligent act or omission regarding their failure to provide the Plaintiff with the proper medication, that would have prevented the stent valve from clogging. This breach of duty owed to Plaintiff cause him to have a severe heart attack which created mental anguish, mental distress, resulting in difficulty of sleeping, eating, and carrying out otherwise daily activities.

### Claim One/Gross or Wanton Negligence

11.   Plaintiff incorporates by reference paragraphs 1-10 to this Complaint.

12.   Defendant displayed gross or wanton negligence when they ignored the significant risk of harm, where they possessed the medical records that revealed a number of health issues that needed immediate attention, specifically the medication that was needed to prevent the stent valve from clogging.

13.   The Defendant knew, or should have known that the failure to provide him with such medication, the continued neglience would exacerbate the existing medical condition where the stent valves did clog as a result of such neglience.

14.   Plaintiff claims that the Gross or Wanton Neglience act by the Defendant cause him to go into cardiac arrest, forcing him to have emergency surgery, and almost death.

15.   Plaintiff contends that the Defendants' actions are

-3-

reprehensible, willful, malicious, and in blatant and intentional disregard for the right owed to him pursuant to 18 U.S.C. § 4042, regarding his serious medical needs.

### Claim Two/Breach of Duty Owed to Plaintiff

16. Plaintiff incorporates by reference paragraphs 1-15 and any exhibits to this Complaint.

17. Plaintiff claims that he has been experiencing a great deal of mental anguish, resulting in difficulty of sleeping, eating, and carrying out otherwise daily activities based on the disastrous event of having a massive heart attack, and emergency surgery.

18. Plaintiff contends and claims that he is experiencing mental anguish, mental distress, and continues to be haunted by the near fatal death experience caused by the Defendants' breach of duty owed to him.

19. Plaintiff claims that he his the right pursuant to 18 U.S.C. § 4042(a)(2), a duty of care owed to him by the Defendant, and the Defendant breached that duty of care by failing to provide him with the "Effient" which would have prevented him from having near death experience (Cardiac Arrest) and forcing him into having emergency surgery.

20. Plaintiff claim that relief can be granted in this case in the form of monetary relief in damages.

### Relief Requested

WHEREFORE, Plaintiff request the following:

1. A trial by jury;

-4-

2. Compensatory and/or Punitive Damages in Excess of Two Hundred and Fifty Thousand ($250,000.00) Dollars;

3. Such Relief this Court deems appropriate.


. I declare under penalty of perjury that the foregoing is true and correct.


Respectfully submitted,

*Corieal Holmes* 10-27-23
Corieal Larome Holmes # 33799-058
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

*Corieal Holmes*

The amended complaint is presented to show that Plaintiff did not file a claim of medical malpractice, and that his complaint is in compliance with Federal Tort Claim Act ("FTCA") requirement's, where the government has overlooked the fact that the FTCA was filed with the Biven's claim. This court dismissed the other complaint without prejudice. ECF No. 33. Therefore, Plaintiff files this complaint in good faith believing that because this Court adopted the Report and Recommendation of the Magistrate Judge, granted the Motion for Summary Judgment, and dismissed the action without prejudice for failure to exhaust administrative remedies, he could amend the complaint in compliance with Federal Tort Claim Act, South Carolina Code § 15-32-220, and 18 U.S.C. § 4042(a)(2), that allows this Court jurisdiction to hear his claims.

A P P E N D I X  -  A

1.   U.S. Department of Justice Denial of Claims.

2023 NOV -2 AM 9:08

RECEIVED



**U.S. Department of Justice**
Federal Bureau of Prisons
*South Carolina Consolidated Legal Center*

*501 Gary Hill Road*
*P.O. Box 723*
*Edgefield, SC 29824*

September 8, 2021

Corieal Holmes
Register Number: 33799-058
FCI Williamsburg
PO Box 340
Salters, SC 29590

**CERTIFIED MAIL**
**70130600000237804270**

RE:    Administrative Tort Claim #TRT-SER-2021-03978

Dear Mr. Holmes:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) § 2672 et seq., and authority granted by Title 28 Code of Federal Regulations (C.F.R.) § 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You seek damages in the amount of $250,000 for personal injury and negligence which you allege occurred on May 5, 2019, at FCI Williamsburg, in Salters, South Carolina. Specifically, you allege medical staff failed to provide you with medication you were previously prescribed while housed in a county jail.

Your claim was investigated. Based on the investigation, there is no evidence to support your claim that you have suffered any injury or loss caused by the negligence or wrongful act or omission of a BOP employee acting within the scope of their employment. Thus, your claim is denied.

This is a final denial of your claim. You are advised that if you are dissatisfied with our determination in these matters, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

L. Crane
Supervisory Attorney